IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-20091-06-JAR |
| KENNETH BLAIR, | |
| Defendant. | |

## MEMORANDUM AND ORDER

In January 2020, Defendant Kenneth Blair pleaded guilty to one count of conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. In June 2021, this Court sentenced Blair to 75 months' imprisonment on the conspiracy count and 60 months' imprisonment on the firearm count, to run consecutively. This matter is now before the Court on Blair's *pro se*[1] Motion to Appoint Counsel (Doc. 340) to assist him with filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his age and medical conditions.[2] The Court denies the motion.

---

[1] Because Blair proceeds *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Blair states in his motion that he "think[s] [he] qualif[ies] for home confinement" under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Doc. 340 at 1. But "[t]he CARES Act does not empower the courts to order that an inmate's sentence be served in home confinement." *United States v. Johnson*, 849 F. App'x 750, 754 (10th Cir. 2021). "All a court can do is reduce the prisoner's sentence." *United States v. Read-Forbes*, 843 F. App'x 131, 133 (10th Cir. 2021). So, the Court construes Blair's motion as asking the Court to appoint him counsel to help prepare a compassionate release motion under § 3582(c)(1)(A).

There is no constitutional right to counsel beyond the direct appeal of a conviction.[3] Whether to appoint counsel is left to the Court's broad discretion.[4] In determining whether to appoint counsel, district courts consider "a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[5] Here, Blair has not yet filed a compassionate release motion. But the one he wants to file does not involve complex facts or legal doctrines that would prevent him from bringing the motion on his own behalf. The Court therefore concludes that appointment of counsel is not warranted.

Moreover, this District has given the Federal Public Defender ("FPD") the opportunity to enter an appearance on Blair's behalf. District of Kansas Standing Order 19-1 appoints the FPD to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act, and Administrative Order 20-8 sets forth procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any *pro se* individual filing a compassionate release motion. Here, the FPD reviewed Blair's motion to appoint counsel and notified the Court that it does not intend to enter an appearance on his behalf at this time. Should Blair file a *pro se* compassionate release motion, the FPD will have an opportunity to review that motion and determine whether to enter an appearance on his behalf at that time. Blair's motion to appoint counsel is denied.

---

[3] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[4] *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[5] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kenneth Blair's Motion to Appoint Counsel (Doc. 340) is **denied**.

**IT IS SO ORDERED.**

Dated: March 18, 2022

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE