IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>KENNETH BLAIR,<br><br>      Defendant. | Case No. 18-CR-20091-JAR-06 |

## MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* Defendant Kenneth Blair's Petition and Memorandum in Support of Petition for Relief Under the First Step Act (Doc. 348) under 18 U.S.C. § 3582(c)(1)(A).[1] The government has filed a response brief. Blair did not reply. As explained more fully below, the Court dismisses Blair's motion for failure to exhaust administrative remedies.

**I.**     **Background**

On January 28, 2020, Blair pleaded guilty to Counts 1 and 31 of a 40-count Second Superseding Indictment. Count 1 charged him and others with conspiracy with intent to distribute and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2.[2] Count 31 charged Blair with possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c) and 2.

---

[1] Because Blair appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Docs. 119, 156.

The Court sentenced Blair to 75 months' imprisonment on Count 1 and 60 months' imprisonment on Count 31, to be run consecutively, for a total of 135 months' imprisonment.[3]

Blair neither filed a direct appeal nor a motion to vacate under § 2255. On May 15, 2023, Blair filed a the instant motion under the First Step Act for compassionate release. He points to his medical conditions, claiming he has an elevated risk of contracting newer variants of COVID-19 despite being vaccinated. Blair further points to his maturity, his record of completing programming and rehabilitation in prison, and his strong family support as grounds for release. Blair is 53 years old, and his projected release date is August 25, 2028.

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[4] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[6] The court may

---

[3] Doc. 329.

[4] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[5] Pub. L. No. 115-391, 132 Stat. 5194.

[6] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

2

deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[7] If the court grants the motion, however, it must address all three steps.[8]

## III. Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[9] But when "properly invoked," mandatory claim-processing rules "must be enforced."[10] Here, the government argues that this Court must dismiss Blair's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. The government represents that the records it has received from the Bureau of Prisons do not contain any request to the Warden for compassionate release. Although Blair states that he requested compassionate release from the Warden, he provides no evidence with his motion demonstrating exhaustion. Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the Court must dismiss Blair's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[11]

---

[7] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

[9] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[10] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) (enforcing exhaustion requirement because the government properly invoked it).

[11] *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (concluding that unexhausted § 3582(c)(1)(A) motions should be dismissed without prejudice); *Purify*, 2021 WL 5758294, at *4 ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice."); *United States v. Verdin-Garcia*, No. 05-20017-JWL, 2023 WL 3019685, at *2 (D. Kan. Apr. 20, 2023) (holding that defendant failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial, thus denying without prejudice to refiling once he had exhausted administrative remedies).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kenneth Blair's Petition and Memorandum in Support of Petition for Relief Under the First Step Act (Doc. 348) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: November 1, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
