IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-20091-06-JAR |
| KENNETH BLAIR, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kenneth Blair's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 354). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.    Facts**

On January 28, 2020, Defendant pled guilty to Counts 1 and 31 of the Second Superseding Indictment; namely, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, and 18 U.S.C. § 924(c).[1]

The Presentence Investigation Report calculated a criminal history score of four which established a criminal history category of III.[2] The Court sentenced Defendant to 75 months' imprisonment on Count 1 and 60 months' imprisonment on Count 31, to be run consecutively, for a total of 135 months' imprisonment.[3]

---

[1] Doc. 156.

[2] *See* PSR, Doc. 199 ¶¶ 64–65.

[3] Doc. 329.

On March 26, 2024, Defendant filed the instant motion seeking a reduction of sentence based upon the fact that he is a "Zero-Point Offender."[4]

## II.   Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[6]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[7] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[8]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

---

[4] Doc. 354.

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *See* 18 U.S.C. § 3582(c)(2).

[7] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[8] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
    (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[9]

### III. Discussion

Defendant's motion, construed liberally, seeks a two-level reduction in his sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). However, the government correctly argues that Defendant is not a Zero-Point Offender. As noted, Defendant was assessed a criminal history score of four based on his prior criminal history.

The Court cannot provide Defendant's requested relief because he was not a Zero-Point Offender. Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant. Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 354) is **dismissed**.

---

[9] *See* U.S.S.G. § 4C1.1(a).

[10] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).

**IT IS SO ORDERED.**

Dated: September 11, 2024

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE